## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

WILLIAM HOLT and JULIE HOLT,

    Plaintiffs,

v.

ELIZABETH BOSE, BOSE ENTERPRISES, INC., d/b/a D & L TRUCKING, MCMULLEN TRUCKING, INC., R & M TRANSPORTATION, INC.,

    Defendants.

CASE NO.

**COMPLAINT**

The above-named Plaintiffs, William Holt and Julie Holt, state and allege as follows for their Complaint against the Defendants:

### PARTIES

1. Plaintiffs William L. and Julie Holt are husband and wife and reside in the Town of Cedaredge, County of Delta, State of Colorado.

2. Defendant Elizabeth A. Bose (hereinafter "Bose") is a resident of Elkhorn, Nebraska.

3. Defendant Bose Enterprise, Inc. dba D&L Trucking (hereinafter "D&L") is a corporation with its principal place of business located at 715 N. 210th St., Lot 131, Elkhorn, Nebraska.

4. Upon information and belief, Defendant Bose was at all times relevant hereto an employee of Defendant D&L which is legally liable for the acts of negligence of its employee and driver Bose.

5. Defendant McMullen Trucking, Inc. ("McMullen") is an Iowa corporation with its principal place of business located in Carter Lake, Iowa. Its registered agent for service is Lonnie R. McMullen, 2730 N. 5th St., Carter Lake, IA 51510. McMullen was the owner of the tractor involved in the crash which is the subject of this lawsuit.

6. Defendant R&M Transportation, Inc. is a Nebraska corporation with its principal place of business located in Omaha, NE. Its registered agent for service is Michael Sortino, 8951 South 126th St., Omaha, NE 68138. R & M describes itself as a "refrigerated and dry van company providing longhaul, regional and dedicated truck driving services." R & M brokers all of the loads D & L transports.

## JURISDICTION AND VENUE

7. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(c) and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## THE INCIDENT AND DAMAGES

9. This suit arises out of an incident that occurred on or about September 17, 2010 at approximately 8:55 PM.

10. At that time, Plaintiff William L. Holt was the owner and operator of a Harley Davidson motorcycle and was driving northbound on U.S. Highway 83 at or near its intersection with CC5 Lane, approximately 14 miles north of Oberlin, KS.

11. At the same time and place, Defendant Elizabeth A. Bose was the driver of a truck that was owned by Defendant McMullen Trucking, Inc. and operated by Defendant Bose Enterprise, Inc. dba D&L Trucking which at the time was hauling a trailer owned by Defendant R&M Transportation, Inc.

12. At said time and place, Plaintiff Holt was traveling along with two other motorcyclists and a pickup truck, all of which were in the process of slowing with their left turn signals activated in preparation to make a left turn from northbound U.S. Highway 83 on to westbound CC5 lane.  Suddenly and without warning, the tractor-trailer rig operated by Defendant Bose, which was also traveling northbound on U.S. Highway 83 behind and just south of Plaintiff Holt, pulled out from the northbound lane of U.S. Highway 83 into the southbound lane of said highway, in an apparent attempt to pass said vehicles. As Plaintiff Holt initiated his left turn, his motorcycle was struck by the defendants' rig.

13. As a result, Plaintiff Holt sustained serious injuries including but not limited to head trauma, a laceration over the forehead, multiple abrasions about his face, fractures of the left leg and left clavicle, wounds to the left lower extremity and the eventual amputation of his left leg below the knee.

14. According to defendant Bose's account of the incident, she "didn't know why the motorcycles were slowing down, so she decided to pass them in the left lane."

15. As a result of the incident, Bose was charged with Passing in a No-Passing Zone and Reckless Driving.

16. Moreover, following the crash, a review of Defendant Bose's driver's log was conducted which revealed that she was in violation of the federal hours of service

rules and was otherwise too fatigued to be operating her vehicle in a reasonable and safe manner at the time of said crash.

17. In a review conducted on October 19, 2010, Defendant D & L was found to be in violation of numerous federal safety rules. Included among the findings were as follows:

- A. Failing to ensure that drivers are tested within the selection period
- B. Failing to maintain driver qualifications
- C. Requiring or permitting a property-carrying commercial motor vehicle driver to drive more than 11 hours
- D. Requiring or permitting a property-carrying commercial motor vehicle driver to drive after the end of the 14th hour after coming on duty
- E. Requiring or permitting a property-carrying commercial motor vehicle driver to drive after having been on duty more than 70 hours in 8 consecutive days
- F. False reports of record of duty status
- G. Failing to retain periodic inspection reports for 14 months from date of inspection

18. D & L's Driver SEA (Safety Evaluation Area) was 95.82, which is exceptionally high, with a driver out-of-service rate, as of January of 2011, of 25%, almost four times the national average of 6.6%.

19. As a result of the aforementioned crash, plaintiff Holt sustained permanent, severe, and painful bodily injuries and shock. He was rendered and continues to be sick, sore, lame, and disabled. In addition, plaintiff has incurred and will incur in the future considerable expense for medical and hospital care and treatment; has in the past and will in the future sustain loss of earnings and earning capacity; and

has in the past and will in the future sustain great pain, suffering, mental anguish, emotional distress, disfigurement and loss of enjoyment of life. As a result of said injuries, Plaintiff Holt has suffered losses and damages as alleged herein and to be proved at trial.

20. Plaintiff Julie Holt is the wife of Plaintiff. As a result of the serious injuries sustained by her husband, Plaintiff William Holt, Julie Holt has been deprived of his services, society and companionship and has suffered losses and damages as alleged herein and to be proved at trial.

## **COUNT I – NEGLIGENCE OF DEFENDANT BOSE**

21. Plaintiffs re-adopt and re-allege the preceding paragraphs in this complaint as if fully set out herein.

22. At the time and place described herein, Defendant Bose owed certain duties to members of the general public, including Plaintiff William Holt.

23. Defendant Bose's duties included the duty to operate her commercial motor vehicle in a safe, reasonable, prudent and cautious fashion under the circumstances and in conformance with all ordinances, statutes and the common law so as to avoid causing risk of injury to others, including Plaintiff William Holt.

24. Notwithstanding the aforementioned duties, Defendant Bose did breach these duties and was negligent and reckless in the following particulars, among others:

   A. Negligently and recklessly driving a motor vehicle on a highway in violation of traffic control signs and devices, in violation of K.S.A. §15-8-1507

   B. Negligently and recklessly driving a motor vehicle on a highway in violation of a marked no-passing zone, in violation of K.S.A. §15-8-1520

   C. Negligently and recklessly failing to stay within her designated lane of travel, in violation of K.S.A. §15-8-1522

D. Negligently and recklessly driving a motor vehicle on a highway too close to another vehicle, in violation of K.S.A. §15-8-1523

E. Negligently and recklessly driving a motor vehicle on a highway while moving left upon a roadway, in violation of K.S.A. §15-8-1548

F. Negligently and recklessly driving a motor vehicle on a highway at a speed greater than reasonable and prudent under the circumstances, in violation of K.S.A. §15-8-1557

G. Operating a motor vehicle in willful or wanton disregard for the safety of persons including Plaintiff Holt, in violation of §15-8-1566.

H. Negligently and recklessly violating CFR § 392.2, which requires that a commercial tractor-trailer be operated in accordance with the laws of the State of Kansas, including those statutes referenced herein.

I. Negligently and recklessly operating a tractor-trailer in violation of CFR § 392.2 (III), if it is determined that defendant Bose's state of alertness was so impaired as to make it unsafe for her to operate the tractor-trailer at the time of the crash.

J. Engaging in other acts of negligence or violations of law as may be disclosed through further discovery.

25. Notwithstanding said duties and obligations imposed upon her, Defendant Bose neglected to obey said statutes and laws and, as a direct result, caused the injuries and damages sustained by Plaintiffs William and Julie Holt

26. As a result of said collision, Plaintiff Holt sustained serious injuries including but not limited to head trauma, a laceration over the forehead, multiple abrasions about his face, fractures of the left leg and left clavicle, wounds to the left lower extremity and the eventual amputation of his left leg below the knee.

27. As a result of this collision and the injuries he sustained in it, Plaintiff William Holt has in the past and will in the future incur medical and hospital expenses for the treatment of his injuries; as a result, he has in the past and will in the future incur a loss of earnings and of earning capacity; as a result, he has in the past and will in the

future suffer great physical and mental pain, suffering and emotional distress; as a result, plaintiff William Holt has been damaged and injured in an amount greater than Seventy-Five Thousand ($75,000) Dollars.

28. Plaintiff Julie Holt is the spouse of Plaintiff William Holt. As a direct result of the injuries sustained by William Holt, Julie Holt sustained a loss of consortium and has otherwise been damaged in an amount greater than Seventy-Five Thousand ($75,000) Dollars.

29. The plaintiffs and each of them sustained injury and damage in the amount and kind as set forth in the preceding paragraphs.

## COUNT II – NEGLIGENCE PER SE

30. Plaintiffs re-adopt and re-allege the preceding paragraphs in this complaint as if fully set out herein.

31. Title 49 Code of Federal Regulations, and Kansas statutes, including §66-1,129 and the Kansas motor carrier regulations promulgated thereunder, are intended to protect members of the public, including Plaintiff Holt, from injuries and damages resulting from the unsafe operation of commercial vehicles including the tractor-trailer rig driven by Defendant Bose and owned, brokered, scheduled and/or operated by her co-defendants.

32. At the time of the above-described collision, Plaintiff Holt was a member of the class of persons said statutes and regulations were intended to protect.

33. Defendant Bose had a duty to operate her commercial motor vehicle in compliance with the aforementioned statutes and regulations including, but not limited to, 49 CFR §395.3, which limits the maximum driving time for commercial vehicle

operators of property-carrying vehicle, and 49 CFR §392.3, which prohibits a driver of a commercial vehicle from operating said vehicle while said driver's ability or alertness is so impaired, or so likely to become impaired through fatigue, illness or any other cause as to make it unsafe for him/her to begin or continue to operate said vehicle

34. As described in the preceding paragraphs, Defendant Bose violated her duty to operate her commercial motor vehicle in compliance with the aforementioned federal and Kansas statues and rules and was therefore negligent per se.

35. As a direct result of Bose's negligence, Plaintiffs William and Julie Holt sustained injuries and damages as described in the preceding paragraphs..

36. The plaintiffs and each of them sustained injury and damage in the amount and kind as set forth in the preceding paragraphs.

## **NEGLIGENCE OF D & L**

37. Plaintiff realleges all previous paragraphs as though fully incorporated herein.

38. The provisions of 49 CFR §§ 301-399, commonly referred to as the Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and Defendant D & L was required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

39. Defendant D & L was subject to the "Federal Motor Carrier Safety Regulations" (49 CFR §§ 301- 399) either directly, or as adopted by the Nebraska Statute §75-363, at the time and date of the collision.

40. D & L, as the employer of defendant Bose and as the owner of the tractor-trailer involved in the collision at issue, owed a duty to Plaintiff and other members of

the public to entrust the tractor-trailer at issue to a reasonable, prudent person who could drive with care and circumspection so as to reasonably protect the safety, health, and life of Plaintiff's Decedent.

41. Defendant D & L owed a duty to the general public, including Plaintiff, to properly train, educate and advise its drivers, including defendant Bose, as to how to inspect and to safely operate the tractor-trailer at issue.

42. Notwithstanding its duties as hereinbefore narrated, defendant D & L is liable for the following negligent acts and/or omissions:

43. Failing to train, educate and/or advise defendant Bose with regard to safe driving practices;

44. Entrusting the tractor-trailer involved in the collision at issue to defendant Bose, whom the defendants knew or should have known was, by reason of inexperience, prior accident history, driving record and lack of skill and/or judgment, a negligent driver and was not qualified to operate said motor vehicle in a safe and prudent manner.

45. D & L owed the general public, including Plaintiff, a duty to properly, diligently and adequately screen potential drivers in order to determine the qualifications of its agents, servants, and employees, and such duties include, but are not limited to:

46. Adequately evaluating applicants before hiring them as truck drivers and agents, servants, and employees;

47. Adequately training and supervising said agents, servants, and employees; and

48. Adequately evaluating its employees' job performance so as to discharge any incompetent or negligent employee before causing injury to the public.

49. D & L owed the general public, including Plaintiff, a duty to see, confirm and require that Bose's employment application was truthfully, accurately and fully completed.

50. Pursuant to the Federal Motor Carrier Safety regulations, defendant owed the general public, including Plaintiff, a duty to determine the qualifications of its agents, servants, and employees, including adequately evaluating Bose's performance through training and supervision, and to discharge any incompetent or negligent applicant, agent, servant, and/or employee before causing injury to the public.

51. Pursuant to the Federal Motor Carrier Safety Regulations, defendant D & L had the following statutory duties:

   A. To obtain a completed employment application before permitting an agent, servant, and/or employee to drive its commercial motor vehicle. 49 C.F.R. 391.21;

   B. To investigate the agent, servant and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. § 391.23(a)(2), 391.23(c);

   C. To inquire into the agent, servant and/or employee's driving record within 30 days after employment begins. 49 C.F.R. § 391.23(a); and

   D. To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. § 391.31(a).

52. Defendant D & L had a duty to comply with all of the above and below listed Federal Motor Carrier Safety regulations, codes, and/or statutes, so as to protect the general public, including Plaintiff, from the unsafe operation of commercial motor vehicles.

53. D & L breached its duty to the general public, including Plaintiff, by its negligent and careless hiring, training, supervising, and retaining Bose, D & L's agent, servant and employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to this crash.

54. D & L failed to properly train its agents, servants and employees, including Bose, in the proper operation, inspection, maintenance, record-keeping, and check-in, necessary for the safe operation of a commercial motor vehicle and trailer.

55. D & L breached each of the above and below listed safety regulations, codes, and/or statutes and its required obligations pursuant to said safety regulations, codes, and/or statutes and permitted Bose to drive Defendant's tractor-trailer after negligible efforts, if any, to determine whether Bose was competent and fit to drive its trucks.

56. D & L failed to properly instruct and train its agents, servants, and employees (including Bose) how to properly and safely operate D & L's tractor-trailer.

57. D & L failed to provide safety courses to its agents, servants, and employees (including Bose) on how to safely operate Defendant's tractor-trailer.

58. D & L failed to provide continuing safety courses to its agents, servants, and employees (including Bose) on trucking safety issues.

59. As a direct and proximate result of D & L's negligence, plaintiff's decedent was killed.

**PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

Plaintiffs seek pre-judgment and post-judgment interest as allowed by law

## JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Pursuant to Rule 38(b), Plaintiffs request a trial by jury in Omaha, Nebraska, on all issues of fact raised herein.

## PRAYER FOR RELIEF

1. WHEREFORE, PLAINTIFFS PRAY FOR RELIEF AS FOLLOWS:

    A. As to all counts for judgment against the Defendants and each of them for special and general damages in amounts to be proven at trial, such amounts in excess of the jurisdictional minimum limits of this court.

    B. For pre-judgment and post-judgment interest as allowed by law.

    C. For expenses and costs of this action, and

    D. For such other and further relief as the court deems just and proper.

Dated this 8th day of June, 2011

    WILLIAM HOLT AND JULIE HOLT, Plaintiffs,

By: s/Jennifer D. Tricker
     Jennifer D. Tricker (NE# 23022)
of  BAIRD HOLM LLP
     1500 Woodmen Tower
     1700 Farnam St
     Omaha, NE  68102-2068
     Phone: 402-344-0500

DOCS/1041408.1