## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **WILLIAM HOLT, and JULIE HOLT,** ) | **CASE NO. 8:11CV208** |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **ELIZABETH BOSE,** ) | |
| **BOSE ENTERPRISES, INC.** ) | |
| **d/b/a D&L TRUCKING,** ) | |
| **MCMULLEN TRUCKING, INC., and** ) | |
| **R&M TRANSPORTATION, INC.** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the Court on the Motions to Dismiss filed by Defendant McMullen Trucking, Inc. ("McMullen") (Filing No. 13), and Defendant R&M Transportation Inc. ("R&M") (Filing No. 15). McMullen and R&M both ask to be dismissed from this action under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs William and Julie Holt ask in their Consolidated Memorandum in Opposition (Filing No. 22) that the Court grant them leave to amend their Complaint if the Court finds that they did not state a claim for relief against McMullen and R&M. For the reasons discussed below, the Motions to Dismiss will be granted; the Plaintiffs' actions against McMullen and R&M will be dismissed; and the Plaintiffs' request for leave to amend the Complaint will be denied, without prejudice.

### FACTUAL BACKGROUND

For purposes of the pending Motions to Dismiss, the factual assertions in the Complaint are accepted as true, although the Court need not accept the Plaintiff's conclusions of law. *Bell Atl. v. Twombly*. 550 U.S. 544, 555-56 (2007).

Plaintiffs William and Julie Holt, husband and wife, reside in Cedaredge, Colorado. (Complaint, Filing No. 1, at ¶ 1.) Defendant Elizabeth Bose ("Bose") currently resides in Elkhorn, Nebraska. (*Id.* at ¶ 2.) Defendant Bose Enterprises d/b/a D&L Trucking ("D&L") "is a corporation with its principal place of business located [in] . . . Elkhorn, Nebraska." (*Id.* at ¶ 3.) McMullen, an Iowa corporation, has its principal place of business in Carter

Lake, Iowa. (*Id.* at ¶ 5.) R&M, a Nebraska corporation, has its principal place of business in Omaha, Nebraska. (*Id.* at ¶ 6.)

At approximately 8:55 p.m. on September 17, 2010, William Holt ("Holt") drove his motorcycle northbound on U.S. Highway 83, just north of Oberlin, Kansas, traveling with two other motorcyclists and the driver of a pickup truck. (*Id.* at ¶¶ 9, 10, 12.) Bose, one of D&L's employees, drove a tractor-trailer northbound just south of Holt. (*Id.* at ¶¶ 11, 12.) McMullen owned the tractor. (*Id.* at ¶ 5.) R&M owned the trailer and brokered all of D&L's shipment. (*Id.* at ¶¶ 6, 11.) Bose attempted to pass Holt by pulling into the southbound lane of U.S. Highway 83 as Holt and the two other motorcyclists and the driver of the pickup truck slowed down and activated their left turn signals to turn west. (*Id.* at ¶ 12, 14.) The tractor-trailer Bose operated struck Holt as Holt began to turn left. (*Id.* at ¶ 12.) As a result, Holt sustained serious, permanent, and disabling injuries. (*Id.* ¶¶ 13, 19.) The driver's log maintained by Bose indicated that she violated rules related to federal hours of service and that she would have been too tired to operate the tractor-trailer safely at the time of the accident. (*Id.* at ¶ 16.) An October 2010 evaluation also revealed that D&L violated certain federal safety rules. (*Id.* at ¶¶ 17, 18.)

The Plaintiffs filed their Complaint on June 30, 2011. Count I alleges that Bose breached a duty to the Plaintiffs by failing to operate her commercial vehicle "in a safe, reasonable, prudent, and cautious fashion under the circumstances and in conformance with all ordinances, statutes, and the common law," resulting in Holt's injuries and Julie Holt's loss of consortium and other damages.[1] (*Id.* at ¶¶ 21-29.) Count II alleges that the Plaintiffs' damages were caused by Bose exceeding the maximum driving time for

---

[1]Count I of the Complaint references [49] C.F.R. § 392.2 and Kan. Stat. Ann. §§ 15-8-1507, 15-8-1520, 15-8-122, 15-8-1523, 15-8-1548, 15-8-1557, 15-8-1566. (Filing No. 1, Complaint ¶ 24.)

commercial vehicle operators and driving while her ability or alertness were impaired by fatigue.[2] (*Id.* at ¶¶ 30-36.) Count III alleges that D&L's negligence caused the Plaintiffs' damages.[3] (*Id.* at ¶¶ 37-59.) The Plaintiffs claim D&L breached a duty to them by (1) failing to educate and train Bose on how to operate a tractor-trailer safely and (2) entrusting the tractor-trailer to Bose even though it knew, or should have known, that Bose was not qualified to operate it. The Plaintiffs seek special and general damages, pre- and post-judgment interest, expenses and costs, and such other relief as this Court deems just and proper.

McMullen and R&M each assert that the Complaint does not state a valid claim against them. They note that, as it relates to McMullen and R&M, the Complaint alleges only that R&M was the owner of the trailer and that McMullen was the owner of the tractor and the broker of all of D&L's shipments. The Plaintiffs argue that the Complaint alleges sufficient facts to support a cause of action against McMullen and R&M based on a joint enterprise theory. Alternatively, Plaintiffs ask leave to amend the Complaint if the Court finds that they have failed to state a claim for relief against McMullen and R&M. (Filing No. 22.)

## STANDARD OF REVIEW

### Rule 12(b)(6)

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

---

[2]Count II of the Complaint references 49 C.F.R. §§ 392.3, 395.3 and Kan. Stat. Ann. § 66-1,129 and Kansas motor carrier regulations. (Filing No. 1, Complaint ¶¶ 31, 33.)

[3]The Complaint does not indicate that there is a Count III, but paragraphs 37 through 59 present claims relating to D&L's alleged negligent conduct.

3

detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Specifically, the complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" to substantiate the necessary elements of the plaintiff's claim. *Id*. at 556.

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Id.* at 555-56 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009), *cert. denied*, 130 S.Ct. 628 (2009). A district court, therefore, is not required "to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Id.* at 473 (internal quotations and citations omitted).

"Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). Additionally, "some factual allegations may be so indeterminate that they require 'further factual enhancement' in order to state a claim." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). "Second, only a complaint that states a plausible claim for relief survives a

motion to dismiss." *Iqbal*, 129 S.Ct. at 1950 (citing *Twombly,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**Rule 15(a)(2)**

Where a plaintiff requests leave to amend a complaint, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A request for court order must be made by motion." Fed. R. Civ. P. 7(b). A plaintiff's request for leave to amend a complaint in a brief in opposition to a defendant's motion to dismiss is not construed as a motion for leave to amend. *Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983). Rather, the plaintiff must submit a motion for leave to amend, along with a proposed amendment. *Id.* at 395; *see also* NECivR 15.1(a).

## DISCUSSION

Plaintiffs argue that the Complaint alleges facts sufficient to support a cause of action against McMullen and R&M, based on a joint enterprise theory. Participants in a joint enterprise are jointly and severally liable for the wrongful acts the joint enterprise carries out. *Lackman v. Rousselle*, 596 N.W.2d 15, 21-22 (Neb. 1999). To establish a claim based on a joint enterprise theory, a party must allege facts showing (1) there was an express or implied agreement to enter into an undertaking between the parties, (2) the undertaking was to carry out a common purpose, (3) the parties to the agreement share a common interest in the agreement's purpose, (4) the parties to the agreement have an equal right to decide and control how to pursue that purpose, and (5) the parties to the agreement share a common pecuniary interest. *Winslow v. Hammer*, 527 N.W.2d 631, 635, 636 (Neb. 1995).

5

As against McMullen and R&M, the Complaint alleges only that McMullen owned the tractor involved in the incident and that R&M owned the trailer and brokered all of D&L's shipments. (Filing No. 1, Complaint ¶¶ 5, 6, 11.) Ownership of property used by another does not necessarily equate to a common undertaking to carry out a common purpose, an equal right to control the conduct in pursuit of an undertaking, or an agreement to share a common pecuniary interest. So, the allegations in the Complaint are not sufficient to state a claim for relief based on a joint enterprise theory. For the Court to find otherwise, it would need to speculate and "conjure up unpled allegations to save [this] complaint." *Gregory,* 565 F.3d at 473 (quotations and citations omitted). Although Plaintiffs asked for leave to amend the Complaint in their Opposition Brief if the Court were to find the Complaint insufficient, the Plaintiffs have not filed a motion for leave to amend nor a copy of the proposed amended complaint. *See* NECivR 15.1(a). The Court will not construe the Plaintiffs' request as a motion for leave to amend the Complaint. *Wolgin*, 722 F.2d at 394-95.

Accordingly,

IT IS ORDERED:

1. Defendant McMullen's (Filing No. 13) and Defendant R&M's (Filing No. 15) Motions to Dismiss are granted;

2. Plaintiffs' request for leave to amend is denied, without prejudice; and

3. The Clerk will remove the names of McMullen Trucking, Inc., and R&M Transportation, Inc., from the caption.

DATED this 23rd day of August, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge