IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM HOLT, and JULIE HOLT, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:11CV208 |
| | ) | |
| V. | ) | |
| | ) | |
| ELIZABETH BOSE, and BOSE ENTERPRISES, INC., | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiffs' Motion to Amend Complaint (filing 32). Plaintiffs' Motion will be granted.

### BACKGROUND

This case arises out of a motor vehicle accident that occurred in the State of Kansas in September of 2010. The court previously granted motions to dismiss (filing 13 & filing 15) filed by McMullen Trucking, Inc. ("McMullen") and R & M Transportation, Inc. ("R & M") for failure to state a claim against these Defendants based on a joint enterprise theory. (Filing 30.) In the same order, the court denied, without prejudice, Plaintiffs' request to file an amended complaint because Plaintiffs had failed to file a formal motion to amend and to submit a proposed amended complaint. (*Id.*)

Plaintiffs filed the instant Motion on September 1, 2011, seeking to allege new claims against the previously-dismissed McMullen and R & M based on joint enterprise, broker liability, negligent entrustment, negligent hiring and negligence per se. (Filing 32). Defendants oppose the Motion.

### ANALYSIS

Under Federal Rule of Civil Procedure 15, the court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted). The

party opposing the amendment has the burden of demonstrating that the amendment would be prejudicial or futile. *Sokolski v. Trans Union Corp.,* 178 F.R.D. 393, 396 (E.D.N.Y.1998).

Defendants contend that allowing Plaintiffs to amend would be prejudicial because the proposed amended complaint involves new theories of recovery and would broaden discovery and increase costs. The court finds this argument unpersuasive. This action was filed on June 8, 2011. (Filing 1.) Discovery has only just begun and no depositions have been taken. The court has yet to hold a planning conference and trial is only tentatively scheduled for February of 2013. (Filing 26.) At such an early stage in the proceeding, Defendants will not be prejudiced by a possible expansion of discovery. Moreover, the new claims in the proposed amended complaint appear to overlap with the claims already pending against Defendants Bose and D&L Trucking. Therefore, the court is not convinced that the degree of any potential expansion of discovery would be overly burdensome.

Defendants next argue that as to Plaintiffs' allegations in Count VI and VII in the proposed amended complaint, which assert negligence per se claims based on alleged violations of the Federal Motor Carrier Act and the federal motor carrier safety regulations, amendment would be futile. (Filing 32.) While leave to amend may be denied based on futility, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma–10 Plastics, Inc. v. Am. President Lines,* 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous" or "legally insufficient on its face." *Becker v. Univ. of Neb.,* 191 F.3d 904, 908 (8th Cir. 1999); *Sokolski,* 178 F.R.D. at 396 (quotation and citation omitted).

The court finds that it has not been shown that amendment would be futile. After examining the allegations in the proposed amended complaint, as well as Defendants' arguments in opposition to this Motion, the court is unable, at this time, to conclude that Counts VI and VII are clearly frivolous or legally insufficient. The question of whether negligence per se is a viable cause of action in this case "should be determined on the merits rather than as part of a motion to amend." *Doyle v. Eli Lilly & Co.*, No. 8:06CV412, 2008 WL 215802 (D. Neb. Jan. 24, 2008).

**IT IS ORDERED:**

1.  Plaintiffs' Motion to Amend (filing 32) is granted.

2. Plaintiffs shall file their proposed amended complaint by or before October 28, 2011.

3. The planning conference scheduled for October 31, 2011, is hereby continued. The conference will be rescheduled following submission of the amended complaint and any responses thereto.

**DATED October 27, 2011.**

                              **BY THE COURT:**

                              **S/ F.A. Gossett**
                              **United States Magistrate Judge**